United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Todd and Leta Wade,                                          Case No. 08-54456-R
                Debtors.                      Chapter 13
_____/

LaSalle Bank,
                Plaintiff,

v.                                                           Adv. No. 09-4298

K. Jin Lim, Chapter 7 Bankruptcy Trustee
for the Estate of Gerald Roux Homes, Inc.,
Todd C. Wade and Leta R. Wade,
                Defendants.
_____/

Opinion Regarding Cross-Motions for Summary Judgment

I.

On November 22, 2006, the debtors, Todd and Leta Wade, purchased a home located at 35900 Abbey Court, Romulus, MI. from Gerald Roux Homes, Inc. ("GRH"). The purchase price was $241,000. The Wades financed the purchase through a mortgage to Mortgage Electronic Registration Systems, Inc. for $216,000. The mortgage was recorded on December 14, 2006. The mortgage was later assigned to the plaintiff, LaSalle Bank..

At the same time, the debtors granted a mortgage to GRH in the amount of $17,100, apparently to finance additional construction costs. That mortgage was recorded on December 1, 2006, thirteen days before the LaSalle Bank Mortgage.

The HUD settlement statement, prepared on November 22, 2006, indicates that the debtors funded 100% of the purchase price of the property through the $216,000 mortgage, an earnest

money deposit of $22,000, seller concessions of $9,000, a broker credit of $1,133, and cash of $4,971.59. The HUD statement does not refer to the $17,100 GRH mortgage.

GRH filed for chapter 7 relief on November 6, 2007. K. Jin Lim was appointed the chapter 7 trustee.

The Wades filed for chapter 13 relief on June 14, 2008.

On February 18, 2009, LaSalle Bank filed this complaint against the Wades and K. Jin Lim, as trustee for GRH. In the complaint, LaSalle asserts that although GRH recorded its mortgage first, its mortgage has priority because GRH knew of the existence of the LaSalle mortgage and intended for it to have priority. LaSalle also alleges that its mortgage is a purchase money mortgage and therefore has priority over GRH's mortgage. LaSalle also contends that because GRH had notice of its mortgage, it cannot be a good faith purchaser under M.C.L. § 565.29.

Lim contends that the Wades commissioned GRH to build a home for them and granted GRH a mortgage in their home for associated building costs. She argues that there was no agreement that GRH's mortgage be subordinate to LaSalle's mortgage. She also asserts that even if LaSalle's mortgage is a purchase money mortgage, it does not have priority over GRH's mortgage. Finally, she argues that she is a bona fide purchaser under 11 U.S.C. § 544(a)(3) and, as such, takes without notice of any prior interests or encumbrances.

A default judgment was entered against the Wades on March 26, 2009.

LaSalle and the trustee Lim have filed cross-motions for summary judgment.

II.

Black's Law Dictionary (6th ed.) defines a "purchase money mortgage" as "[a] mortgage or security device taken back to secure the performance of an obligation incurred in the purchase of

the property." In *Fecteau v. Fries*, 234 N.W. 113 (Mich. 1931), the Michigan Supreme Court held that a purchase money mortgage had priority over a prior recorded lien. There, Fries obtained a $7,000 loan from Patterson on August 6, 1926, for a down payment on the purchase of property and granted Patterson a mortgage on the land he intended to purchase. On August 11, 1926, Fries purchased the land from Fecteau and granted him a purchase money mortgage in the property for $24,000. The mortgage from Fries to Patterson was recorded at 1:00 p.m. on August 11, 1926, and the mortgage from Fries to Fecteau was recorded 20 minutes later.

On the issue of priority, the court first noted that Fries granted a mortgage to Patterson in property he did not yet own. The court stated that the mortgage to Patterson could not insert itself between the deed to Fries and the purchase-money mortgage by Fries to Fecteau. The court stated:

> The holding in *Dusenbury v. Hulbert*, 59 N. Y. 541, fits the case at bar:
>> 'The deed and Bowen [Fecteau] mortgage executed at the same time are to be construed together as one instrument. They constitute an indivisible act. There never was a moment between the seisin and mortgage when La Grange [Fries] could encumber the estate to the exclusion of the latter, and it follows that a prior mortgage could not insert itself between them.'

*Fecteau*, 234 N.W. at 114. The court continued:

> The rule is well stated in a note in 25 A. L. R. page 92, as follows:
>> 'Where one who has conveyed before he had title gives a purchase-money mortgage upon acquiring the title, the cases agree that the title subsequently acquired does not inure to the benefit of the prior grantee or mortgagee, as against the holder of the purchase-money mortgage.'
>
> In *United States v. New Orleans & O. R. Co.*, 12 Wall. 362, 365, 20 L. Ed. 434, the rule was stated as follows:
>> 'A mortgage intended to cover after-acquired property can only attach itself to such property in the condition in which it comes into the mortgagor's hands. If that property is already subject to mortgages or other liens, the general mortgage does not displace them, though they may be junior to it in point of time. It only attaches to such interest as the mortgagor acquires; and if he purchase property and

3

> give a mortgage for the purchase-money, the deed which he receives and the mortgage which he gives are regarded as one transaction, and no general lien impending over him, whether in the shape of a general mortgage, or judgment, or recognizance, can displace such mortgage for purchase-money. And in such cases a failure to register the mortgage for purchase-money makes no difference. It does not come within the reason of the registry laws. These laws are intended for the protection of subsequent, not prior, purchasers and creditors.'
>
> The law fixed the status of the two mortgagees and registry could not and did not bring about any change.

*Fecteau*, 234 N.W. at 114.

Here, the two mortgages were granted on the same day and the parties' contemporaneous papers do not indicate which mortgage was intended to have priority. Nevertheless, the Court concludes that even if the debtors granted the mortgage to GRH prior to the LaSalle mortgage, LaSalle has priority under the authority of *Fecteau* and the purchase money mortgage doctrine.

If, however, the Wades granted LaSalle a mortgage before they granted GRH a mortgage, it is necessary to look to M.C.L.A. § 565.29:

> Every conveyance of real estate within the state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded. The fact that such first recorded conveyance is in the form or contains the terms of a deed of quit-claim and release shall not affect the question of good faith of such subsequent purchaser, or be of itself notice to him of any unrecorded conveyance of the same real estate or any part thereof.

M.C.L.A. § 565.29

In order to be a good-faith purchaser, a party must acquire an interest in property without notice of a third party's claimed interest. *Richards v. Tibaldi*, 726 N.W.2d 770 (Mich. App. 2006).

The record clearly establishes that GRH clearly had notice of the LaSalle Mortgage. It signed the HUD settlement statement and was present at the closing. Therefore, it cannot be a good

faith purchaser under M.C.L.A. § 565.29 and therefore does not have priority.

Trustee Lim further contends that she is entitled to relief under 11 U.S.C. § 544(a)(3), which provides:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-
>
> > (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, and that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

This statute is inapplicable here. Lim is the trustee in the GRH bankruptcy. The property in question is property of the Wade bankruptcy estate, not the GRH bankruptcy estate. Lim cannot use this statute to obtain bona fide purchaser status when GRH could not have had such status itself. In any event, the hypothetical bona fide purchaser status of § 544(a)(3) arises upon the filing of the bankruptcy. GRH filed for chapter 7 protection on November 6, 2007. By that time, both mortgages in question had been recorded. Therefore, a bona fide purchaser would not have been able to avoid the LaSalle mortgage.

Accordingly, the Court concludes that the LaSalle mortgage has priority over the GRH mortgage. LaSalle's motion for summary judgment is therefore granted and the trustee's motion for summary judgment is denied.

The Plaintiff is requested to submit a proposed judgment under the applicable local rule.

For Publication.

5

**Signed on September 04, 2009**

                                                                              **/s/ Steven Rhodes**
                                                    **Steven Rhodes**
                                                    **United States Bankruptcy Judge**